UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| RICE PAINTING COMPANY, INC. | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | 4:15 CV 1064 JMB |
| vs. | ) | |
| DEPOSITORS INSURANCE COMPANY, | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand to State Court (ECF. No. 11). The Court has jurisdiction over the matter pursuant to the consent of the parties under 28 U.S.C. §636(c). The matter is fully briefed and ready for disposition. For the reasons stated in this order, the Motion to Remand is denied.

Background

On June 10, 2013, the Plaintiff signed a contract with Raineri Construction Company ("Raineri") to undertake a painting project at Roosevelt High School in St. Louis as part of a larger St. Louis Public Schools ("SLPS") systems project. SLPS alleges that, on or about June 27, 2014, Plaintiff caused lead and lead dust to be released from the walls of Roosevelt High School ("Loss Event").

SLPS made demand upon Raineri to pay for the damages caused by this Loss Event; Raineri then made demand upon Plaintiff for indemnification under the terms of their subcontract. Plaintiff then sought performance from Defendant insurance company under (1) their commercial general liability coverage, and (2) their limited additional pollution coverage.

1

The Defendant denies that this Loss Event is covered under the terms of the insurance contract. Defendant claims that incidents arising from lead paint are specifically excluded under the terms of both the general liability coverage and the additional pollution coverage. The Defendants also plan to assert that there is no controversy ripe for judicial determination because SLPS has not yet filed a lawsuit; alternatively, Defendants argue that the Plaintiffs failed to timely notify them of the Loss Event, thus precluding coverage.

This case was originally filed in St. Louis County as a Declaratory Judgment action under Rule 87 of the Missouri Rules of Civil Procedure. It seeks interpretation of an insurance contract entered into between the parties. On July 9, 2015, the Defendant filed a notice of removal in this Court, invoking the Court's diversity jurisdiction under 28 U.S.C. §1332. (ECF. No. 1)

## Plaintiff's Motion to Remand

The Plaintiff does not dispute that the traditional elements of federal diversity jurisdiction under 28 U.S.C. §1332 exist in this case: the parties are completely diverse, and the amount in controversy is apparently above $75,000. Instead, Plaintiff argues that this Court should exercise its discretionary authority to remand this case to state court based on this Court's power to decline hearing declaratory actions in some contexts. See Wilton v. Seven Falls Co., 515 U.S. 277, 290 (1995) (holding that a District Court has the discretion to stay actions for declaratory relief pending before it where parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in state court).

Plaintiff makes two arguments in support of this motion. First, Plaintiff argues that Missouri state courts have the greatest interest in resolving this lawsuit; second, they argue that under Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942) and the Declaratory

Judgment Act, this Court has the discretion to remand the proceedings to state court. Neither argument is availing.

## Discussion

As noted above, this motion to remand is unusual because the traditional elements of diversity jurisdiction under 28 U.S.C. §1332 are met. The parties are completely diverse and the jurisdictional amount is apparently met. Indeed, the Plaintiff concedes these points.

Thus, the Court must consider the Plaintiff's two prudential arguments for declining jurisdiction over this case on a discretionary basis. Plaintiff's first argument is that Missouri state courts have the greatest interest in resolving this lawsuit. They argue that Defendant has registered to conduct business in the State of Missouri; Defendant is registered with the Missouri Department of Insurance; and Defendant issues policies of insurance to Missouri customers. The implication is evidently that it is only fair for the Defendant to submit to Missouri courts.

None of Plaintiff's assertions are unique to this case. In every diversity case involving a corporation, the argument can be made that the foreign corporation has availed itself of the privilege of doing business in the state. The plaintiff's argument is an argument against diversity jurisdiction in general; it is not a specific argument that in this particular case the court should decline jurisdiction. It arguably turns the purpose of diversity jurisdiction on its head. The purpose of diversity jurisdiction is to offer the foreign corporation a neutral forum in which to present its case. Perez v. Forest Laboratories, Inc., 902 F.Supp.2d 1238, 1242 (E.D.Mo. 2012). According to the Plaintiff, if a Defendant does seek out that neutral forum to which they are entitled under federal constitutional and statutory law, they are impliedly engaged in an improper attempt to avoid Missouri state courts.

The Plaintiff's second argument relies on Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942), which held that a federal district court has the discretion to abstain from exercising jurisdiction "where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Id. at 495. The reliance on Brillhart is misplaced.

Although it is true that where the Brillhart factors are present, a federal district court has increased discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, there is no parallel proceeding in this case. Once Defendants removed this case from state court, that proceeding stopped. There is one case; and a case cannot be parallel to itself. See Cairo Marine Services, Inc. v. Homeland Ins. Co. of New York, 2010 WL 618509 (E.D.Mo. 2010) (rejecting the idea that a case removed from state court to federal court can be parallel to itself). Thus, Brillhart discretion is not appropriate here.

In the absence of Brillhart factors, this Court has limited power to decline hearing declaratory actions. See Scottsdale Ins. Co. v. Detco Industries, Inc., 426 F.3d 994, 996 (8th Cir. 2005) (noting that a federal court has increased discretion to abstain from exercising jurisdiction in a declaratory judgment proceeding, but "the district court's discretion is limited when no parallel proceedings are pending in state court").

In order to abstain under Scottsdale, this Court must consider six factors. These are—

(1) whether the declaratory judgment sought will serve a useful purpose in clarifying and settling the legal relations in issue; (2) whether the declaratory judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the [federal] proceeding; (3) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (4) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; (5) whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems, because of the presence

of overlapping issues of fact or law; and (6) whether the declaratory judgment action is being used merely as a device for procedural fencing—that is, to provide another forum in a race for res judicata or to achieve a federal hearing in a case otherwise not removable.

Id. at 998

In this case, the factors do not favor abstention. First, a judicial interpretation of the insurance contract in this case will certainly clarify the liability of the parties and legal relations between them. Second, it will resolve uncertainty on the part of both parties. Third, there are no uniquely important issues of state law here—this case will be decided on traditional principles of contract law. See Cairo Marine Services, 2010 WL 618509 at *3. Fourth, the Plaintiff has articulated no reasons that the issues raised here cannot be resolved equally efficiently in this federal forum. Fifth, there would be no entanglement between the federal and state systems here because there will only be one forum adjudicating the issues. Finally, there is no evidence presented that the declaratory judgment action is being used improperly in a race for res judicata—this suit appears to be a *bona fide* attempt to clarify the legal liability of the parties.

Thus, this Court concludes that remand is inappropriate in this case. Once again, the traditional requirements of diversity jurisdiction are met—the parties are completely diverse, and more than $75,000 appears to be in controversy. Moreover, the considerations governing traditional abstention are inappropriate. There is no parallel case that would invoke Brillhart considerations; and the limited discretion permitted under Scottsdale is inappropriate here.

Accordingly,

IT IS HEREBY **ORDERED** that Plaintiff's Motion to Remand (ECF. No. 11) is **DENIED**.

    /s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of August, 2015.